**Carmela Teresa SOLIS, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–71681.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.\*\*

Decided July 19, 2004.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Garish Sarin, Esq., Los Angeles, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michael P. Lindemann, Esq., Christopher C. Fuller, U.S. Department of Justice, Washington, DC, for Respondent.

Before: HAWKINS, THOMAS, and BYBEE, Circuit Judges.

### MEMORANDUM ***

Carmela Teresa Solis, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's ("IJ") denial of her applications for asylum and withholding of deportation. Because the transitional rules apply, *Kalaw v. INS*, 133

F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We deny the petition for review.

Even assuming petitioner proved past persecution, substantial evidence supports the IJ's finding that the government rebutted the presumption that she has a well-founded fear of future persecution by proving by a preponderance of the evidence that petitioner could safely relocate in Peru. *See Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 1000 (9th Cir.2003). The 1997 State Department Country Report, introduced by the government and cited by the IJ, specifically states that religious missionaries could safely carry on their work in parts of Peru where the Shining Path was not active. *See Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003).

Because petitioner failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of deportation. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001).

Pursuant to *Elian v. Ashcroft*, 370 F.3d 897 (9th Cir.2004) (order), petitioner's voluntary departure period will begin to run upon issuance of this court's mandate.

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.